*Kirtly & Byron,* for appellant.
*R. M. & W. O. Bradley,* for appellee.

---

THOMAS M. OLIVER *v.* THOMAS W. EWING.

Slander—Burden of Proof.

When in a suit for slander actionable words are shown to have been spoken, the burden is then on the defendant to show the truth of the statements by facts justifying or excusing them or such as tend to mitigate the damages.

**Mitigation of Damages.**

>    Damages in a slander suit may be mitigated by showing that the words spoken were mere repetition of the statements made by the plaintiff and repeated by the defendant, not in malice but believing them to be true.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

### April 20, 1876.

OPINION BY JUDGE PRYOR:

When the words spoken are of themselves actionable as to the intention of the party when uttering them, they constitute no defense to the action. Whether or not there are exceptions to be found to this general rule is not necessary to be determined, as no such question can arise in the facts of this case. The words having been spoken, if actionable, places the burden on the defendant to show the truth of the statements by facts conducing to justify or excuse or such as tend to mitigate the damages. A plea averring that the words uttered were mere repetition of the statements made by the plaintiff and repeated by the defendant, not in malice but believing them to be true, would do this; but in this case there is no evidence sustaining this plea. Therefore instruction No. 5, in which the jury are told that if the plaintiff informed the defendant that he had two wives, and the defendant by reason of the information spoke the words, the plaintiff is not entitled to recover, should have been overruled.

The statement made by the appellant to the appellee in Cincinnati, that he was going to see his daughter by another wife, was no admission that he had two wives then living, or that prior thereto he had been unlawfully married to another; his real wife was at the time living and undivorced. The instruction was not only abstract but misleading. This statement conduced to show that the appellant had been previously married, and to the woman who was the mother of the child, but was of itself insufficient to fasten on the appellant the crime of bigamy in support of the plea of justification. The plea of the appellant is that of justification. He admits the speaking of the words and says they are true.

A plea of not guilty having been also filed, the burden was on the appellant to make out his case; and upon proof being made of the speaking of the words as charged, the question then arises as to whether the plea of justification is sustained by the proof, and being one of fact alone, can only be considered by the jury. The marriage in North Carolina having been concluded by the appellant, the ques-

tion for the jury to determine was did the appellant marry Mary Ann Coffey, and if so was this before his divorce from his wife in North Carolina. It is not necessary that the appellee should introduce record evidence as to the existence of this marital relation. If appellant cohabited with her, recognized her as his wife, and her children as his, and they were recognized by the community in which they lived as man and wife, these were all facts competent to go to the jury as showing a marriage in fact; and upon this proof on the part of the appellee and that introduced by appellant, the jury are to determine whether or not appellant was married to Mary Ann Coffey, and if so, whether the marriage took place prior to the judgment for a divorce from his second wife.

All of the instructions are inaptly drawn, and the appellant has no cause to complain of instruction No. 4, in which the jury is told "that the words must have been spoken with the intention to injure the plaintiff," as the plaintiff's instruction No. 2 makes the intention to injure in speaking the words the basis of his right of recovery. The judgment is *reversed* and cause remanded with directions to award to the appellant a new trial, and for further proceedings consistent with this opinion.

*Reid & Stone, for appellant.*

*A. Duvall, B. Young, for appellee.*